WALTER J. GRADY *vs.* ANTONIO SIRAVO *et al.*

APRIL 20, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an action of assumpsit to recover for services rendered by plaintiff to defendants. Defendants pleaded the Statute of Limitations and plaintiff's replication alleged a new promise. The case was heard by a justice of the Superior Court who rendered decision for plaintiff for $200. The case is before us on defendants' exception to this decision as being against the law and the evidence.

Plaintiff, an engineer and surveyor, claims compensation from defendants for twenty surveys made by him between October 3, 1921, and August 27, 1924, amounting to $205. The *ad damnum* of plaintiff's writ is $200. With the exception of the last sum of $10 claimed for work done on August 27, 1924, the items in plaintiff's bill of particulars were for surveying done more than six years before the commencement of the action. Said bill also contains a credit item of $3 alleged to be due defendants for certain

merchandise received from them by plaintiff on August 27, 1924. This item, if due, shows a credit within the period of the Statute of Limitations but it was rejected by the trial justice as against the weight of the evidence. Plaintiff's account therefore consisted of a series of debits amounting to $205, with no credits. It appeared in evidence that plaintiff was not employed exclusively by the defendants and that they, in turn, at times employed other surveyors to do their work on different lots. Plaintiff introduced no evidence of acknowledgment of the indebtedness within six years before the commencement of the action.

The question before us is whether or not plaintiff's claim, with the exception of the last item, is barred by the Statute of Limitations. Section 3, Chapter 334, G. L. 1923, reads as follows: "All actions of account, except on such accounts as concern trade or merchandise between merchant and merchant, their factors and servants . . . shall be commenced and sued within six years next after the cause of action shall accrue, and not after." As all the items of plaintiff's claim, excepting the last, accrued more than six years before the commencement of the action, plaintiff can not recover unless he brings his claim within some exception mentioned in the statute.

Plaintiff contends that the twenty items included in his claim comprise one entire demand and that, as action was brought less than six years after the last item became due and payable, the statute cannot be pleaded in bar as to any of them, and he cites *Corey* v. *Miller,* 12 R. I. 337, and *Potter* v. *Harvey,* 34 R. I. 71, in support of his contention. Neither of these cases sustains his position; in them it is decided that if action is brought on an account composed of a number of items or claims, suit must be brought on all that are due at the time of bringing suit to avoid multiplication of suits. The rule laid down in these cases in no manner denies the right to sue upon any claim when it becomes due. Under this doctrine plaintiff might have

sued defendants as each item of work was completed and payment therefor due; but if he allowed more than one item to become due and payable then he would be required to sue on all items due in the same action.

From the evidence in this case it appears that the different items of plaintiff's bill refer to separate and distinct surveys made at the request of the defendants and are not within the "merchant and merchant" clause in said statute, merchants' accounts being such as arise out of the business of merchandising. 37 C. J. 769. The present case does not fall within either exception to the operation of the statute as it consists neither of merchandising nor of mutual accounts by the sale or delivery by both parties. "Where the items in an account are all charges against one party and in favor of the other, it is not a mutual account, since it does not show a system of mutual dealings and of reciprocal demands between the parties; and the account is not mutual where the items are on one side only, even though made up of debits and credits." 1 C. J. 599, *Cargill* v. *Atwood,* 18 R. I. 303.

Plaintiff's claim being based upon separate and distinct items, without mutuality of debit and credit, the statute commenced to run against each item at the time it became due and payable. As all the items, excepting the last, accrued more than six years prior to the commencement of the action, the plaintiff is barred by the Statute of Limitations from the recovery thereof.

Defendants' exception is sustained. The record shows that the final item of $10 owed by defendants to plaintiff is due and payable and not barred by the statute.

The parties may appear before this court on the 29th day of April and show cause, if any they have, why the case should not be remitted to the Superior Court with direction to enter judgment for the plaintiff for $10.

*Roger L. McCarthy,* for plaintiff.

*Robinson & Robinson, Joseph E. Adelson, Sidney L. Rabinowitz,* for defendant.